Maria del Carmen GARCIA–LEAL;
Lauro Leal–Martinez,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71991.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 17, 2007.

Patricia G. Gittelson, Law Offices of Patricia G. Gittelson, Van Nuys, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephen J. Flynn Fax, Thomas Fatouros, U.S. Department of Justice Civil Div./Office Of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Maria del Carmen Garcia–Leal and Lauro Leal–Martinez, a married couple who are natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand, and dismissing their appeal from the Immigration Judge's ("IJ") order deeming their applications for cancellation of removal abandoned. Reviewing for substantial evidence, *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir.2004), we dismiss in part and deny in part the petition for review.

The BIA correctly determined that Petitioners did not comply with the requirements for asserting an ineffective assistance of counsel claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 824 (9th Cir.2003) (for the BIA to find a valid claim of ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not).

■ The BIA did not err in finding that Petitioners provided insufficient evidence that prior counsel received notice

and an opportunity to respond to the allegations against her. *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir.2004) (notice requirement provides an important mechanism by which the IJ can assess the merits of an ineffective assistance claim). The BIA also properly concluded that the claim of ineffective assistance of counsel was not plain on the face of the record. *See Rojas–Garcia*, 339 F.3d at 825–26 (recognizing substantial compliance with *Lozada* procedural requirements where legitimacy of the claim is plain on the face of the administrative record).

■ We lack jurisdiction to consider the Petitioners' contention that the IJ's conduct during the hearing deprived them of due process because they failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review claims that could have been, but were not, exhausted in administrative proceedings).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.